Watlington v. Browne, 19-1057. I'm ready when you're ready. Okay. Good morning, Your Honors. May it please the court. My name is Raymond Bryant and I represent the plaintiff and appellant Willie Watlington in the case of Farr. I'd like to reserve two minutes, please, for my rebuttal if I can. In December of 2015, Mr. Watlington was attacked by a canine police dog from the Springs Police Department. The police were not after him. They were after a middle-aged white man in his 50s or 60s. Mr. Watlington was a 24-year-old black man. There was no reason for the canine officer to send the canine after Mr. Watlington, but he did and he caused severe permanent injuries. As the medical bills started coming in, Mr. Watlington decided that he would file a lawsuit to try to recover those medical expenses. He filed without a lawyer, filling out the pro se packet in the El Paso County District Court. Now that packet instructs pro se applicants to state as briefly as possible facts supporting your case. And so Mr. Watlington did. He wrote in December of 2015, Officer Brown of the CSPD releases German Shepherd on me when I committed no crime, causing permanent damages and scarring to my left ankle and shin. I was rushed to Penrose Hospital where I received chastising remarks from Brown's supervisor and stitches. Now Mr. Watlington identified a few statutes that of course were not applicable, but he also identified section 1983. A couple of examples of the ones were inapplicable as 18 USC 241 and 242, which are criminal statutes, of course. He obviously did a little bit of internet research to try to support his claim. But as with many pro se applicants asserting their constitutional rights on federal claims, he was in a bit over his head. When the motion to dismiss came on July 20, 2017, he didn't quite know how to answer. The motion to dismiss included complicated legal jargon describing plausibility and qualified immunity. And of course, the motion to dismiss challenges regarding Officer Brown himself were sandwiched between arguments that statutes, of course, didn't apply and the wrong defendants had been identified, specifically Colorado Springs Police Department, the city of Colorado Springs, etc. And so Mr. Watlington didn't respond. He didn't know about the deadlines. He received the motion very late and he had talked to the court clerk about his obligations and it didn't seem clear to him that he was supposed to respond until an entry of appearance had been filed by somebody on the other side, which of course didn't happen. A motion to dismiss was filed instead. 39 days after the motion to dismiss was filed. Do you agree that he had an obligation to familiarize himself with the rules? I think he had an obligation to do the best that he possibly could. I think that he should have looked at the rules and tried to find out when he should have responded. Absolutely, Your Honor. Yeah, I mean, isn't that the our case law at least the says that the pro se defendant has an obligation to familiarize himself with the rules and to comply with them? Yes, Your Honor, of course, but of course Colorado law is very clear that if you don't respond to the motion to dismiss is not a confession of the law or the merits of the challenge. The district court has an independent obligation to evaluate the claims that were stated the allegations that were made against the claims to determine analyze whether or not they were sufficient under Rule 8. And if the trial court erred in that regard with regard to a full and fair opportunity to prosecute the claim, he could have appealed. That's right, Your Honor. He could have appealed. But again, we're not here to ask the federal courts to rule over whether or not there's error in the state court. No, but I think one of the elements of claim preclusion is whether he had a full and fair opportunity to present the claim. That's correct, Your Honor. But what we really want to get here at is whether or not there was a final determination on the merits and a full and fair opportunity to litigate the case. Since the case law is clear that the court has an independent responsibility to look at these things and since Colorado case law is clear that there's no final determination unless you analyze the merits of the claims, then what we have is a determination that is, as the court described, facial. It is not an examination of the merits. It is not a final determination. The court, I'm sorry. And then you made that argument with regard to the original order, but how do you deal with the ruling on the motion to set aside the default judgment when Judge Prince says to show excusable neglect, one must demonstrate, one, that the neglect was excusable, two, that the person has a meritorious claim to present, and three, and then the court says, the court will focus at this time on the second element of an excusable neglect claim, that a meritorious claim or defense exists, the motion filed by plaintiff does not explain the meritorious response that plaintiff had to the motion to dismiss, and so the court denied the motion to set aside the judgment. Why doesn't that show that the court, in ruling on the motion to set aside the judgment, specifically acknowledged that the claim had no merit? Sure, Your Honor. The reason is the court, in the motion to set aside default judgment, is actually referring back to his original order when he says, I found the arguments meritorious. First of all, the court says plaintiff had failed to respond and the motion was granted as unopposed. That obviously shows the countervailing interests of the judge and the reason he made the determination he did. But when... But he doesn't say that I didn't consider the merits. I think what you're saying now, how do you reconcile that with your theory? In other words, if he's looking back to his original ruling and he's saying that the plaintiff hasn't shown a meritorious claim or defense, why isn't the contrary inference better? And that is that the judge is saying, look, when I granted as unopposed, I was doing that because the plaintiff has no meritorious claim. I see what you mean, Your Honor. And I think there's two parts to this order. There's the part where the judge reflects on his early order, which is what I was just referring to, and there's a portion that you're talking about there. When the court made that decision, he was specifically talking about the elements of excusable neglect. And so he said the second element is a person has to show that they have a meritorious claim defense to present. Mr. Wallington had actually provided a summary judgment denial from another case involving another canine police dog attack, which obviously would have put the court on notice about the Fourth Amendment claim at issue, the excessive force claim that he was asserting. And so it's a little confused why the judge would even say that because he obviously did have a meritorious claim. And frankly, that's just saying the judge is wrong. I mean, it is, Your Honor. The issue was, was it a, did he, did Judge Prince consider the sufficiency of the petition or he didn't? And if he was wrong, he was wrong. Right. And so I want to put aside, I only answered your question, Your Honor, about whether he was wrong and how he was wrong. I do think he was wrong. I think that, per se, a client should have appealed, but he didn't have the opportunity. He didn't have the know-how. Frankly, he didn't know why the court dismissed the claim. Of course, he asserted four different claims. One of them in section 1983. Without providing notice, he had no idea what to do thereafter. So he tried to find a lure. He eventually found me close to the statute of limitations date, of course. But I think the judge's decision here about this is confined strictly to the excusable neglect analysis. It doesn't bleed over into the merits analysis that the court originally decided. Does, does the fact that, I mean, let's assume that there's no order disposing of the case on the merits and that it was basically just a default failure to respond, failure to prosecute type dismissal. Does the fact that that's the case and it was never appealed, I mean, does that, does it even matter that there was no ruling on the merits? It does, Your Honor, because in order for issue preclusion to prevent plaintiff from refiling, there has to be a final determination on the merits with full and fair opportunity to litigate. So fair procedures, essentially. And so the dismissal at issue here was a two-line order that just said plaintiff didn't respond. There appears to be facial merit to the motion. Therefore, I dismiss. There's no analysis of section, you know, the criminal statute 18 USC 242. There's no analysis of 42 USC 1983. Could you have refiled in state court? I think you probably could have, Your Honor. Yes. Okay. And so I think that whenever there's a dismissal without prejudice, or in this case where the substance of the order demonstrates it's without prejudice. You just piqued my interest. Let's talk about the dismissal without prejudice. Was this a dismissal without prejudice? Because I'm looking at least at our case in Lujan versus Drace, and it says when the district court doesn't specify whether a dismissal was with or without prejudice, that we presume it was with prejudice. Do you have a case that says that such a dismissal is without prejudice? No, Your Honor. I don't. I believe the court, the Colorado courts have the same rule. And of course, I want to acknowledge that because it is important. That is typically how these are addressed. But there is an expectation, even a mandate, that the courts when deciding a 12b-5 motion, analyze the merits and address them in their orders. I don't think this court has ever seen a federal district court opinion with two-line order where they do not analyze the merits of the claims. That's very, very important in the age of Twombly and Iqbal. Right? Since 2007, the pleading standards have gotten very, very specific and very, very severe. And so Nassius, Guy versus Pacheco, and other Tenth Circuit cases have made very, very clear that if there's going to be a dismissal, first of all, you, of course, want to analyze it, but put the pro se litigant on notice about the defects so they have a reasonable opportunity to cure any defects. Here, the district court just threw it out. And you can see why the court probably did that, right? The pro se complainant put... I'm sorry, did you have a question here? No, no. Okay. The pro se complainant put forward a very brief set of facts, which arguably would be sufficient for an excessive force claim, which are typically very straightforward. But then he didn't respond to the motion dismiss, and you could kind of sense that the district court was probably a little upset at that. So the district court gave as much attention to the case as he perceived Mr. Watlington put into his case at that point. Okay, go ahead. Okay. I just want to, I do want to follow up on what Judge Carson, what you were answering, Judge Carson. So let's say a hypothetical. You have a case in federal court and the defendant files a motion to dismiss under 12b-6, and the plaintiff does not respond, and the district court says, I am not going to independently scrutinize the sufficiency of the complaint. This motion to dismiss is confessed, and I am dismissing the claim with prejudice. Now, is that, does that foreclose, at least in federal court, does that foreclose claim preclusion? How would claim preclusion apply in that scenario? I do not believe claim preclusion would apply in that scenario because the court essentially acknowledged that it was not analyzing the merits of the claim, and so there couldn't be a full and final determination on the merits. Well, but somebody could have appealed. Some, I think that you have both options. You could appeal the erroneous determination of the court, and if an appellate court looks at it, they should conclude that the substance demonstrates that it's not a full and final determination on the merits. But you, but, but isn't, don't, to adopt that situation, position, don't we have to say that even though something is expressly dismissed with prejudice, that that does not constitute an adjudication on the merits? To, to adopt your, your position? Well, first of all, there's no denotation in this case about with or without prejudice. So there's, we don't have anything to go on. Right. But you, but you concede it's with prejudice under Colorado law and the Tenth Circuit law. So thank you for bringing me back, Your Honor. I did want to come forcibly with you. All right. So essentially the state courts typically interpret 12B-5 dismissals as on the merits dismissals. I want to fully acknowledge that the procedural rules say that, but they are, of course, the procedural rules. The procedural rules also mandate that, as I said earlier, the court will fully analyze the merits of the claims, whether or not they respond. And so the most important case for this court to evaluate is Henman Management versus MediCal. It's, it is a case that was overlooked by the two lower courts. The Judge Blackburn actually interpreted with a very, very narrow construction, asserting only that the case stood for when somebody didn't respond, you know, the court had an independent duty to analyze the merits. Do you have the site handy? I do, Your Honor. It is 176 P3D 856, Colorado App 2007. Henman Management reviewed a case of a dismissal eerily similar to this one, where the court stated only two main things. Number one, the pro se plaintiff failed to respond. And number two, there was facial merit to the allegations. Now the court expressly found in Henman Management that there was not a determination on the merits precisely because the any of the facts or the sufficiency of the claims asserted in the complaint. It reiterated that there's 12 under rule 12 B5. There is a mandate that the court conduct this analysis and it's assumed that it's a predicate condition for a final full and final determination on the merits. You can see why, of course, if the court does not go through section 1983 and its requirements and how the plaintiff failed to assert the proper allegations, then nobody can, then plaintiff can't be on notice about how to cure or whether to appeal or whether to file another court. He's out of options and that's exactly what happened here. Thank you. Thank you, counsel. May I please the court? My name is Brian Stewart. I'm here on behalf of Officer Brown, the appellee in this case. Are you familiar with his Henman Management case he just talked about? Yes, Your Honor, I am. And does that cause problems for you? No, I like him in too, actually. Okay, because Henman says that the state court, if it doesn't consider the merits of a claim and dismisses under rule 12 B5, then it commits an error. And that error should have been appealed. If the court, if Mr. Wallington believes that. He, this court in Anderson said that we're a constitutional issue could have been reviewed on direct appeal by the state appellate courts. The litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 USC 1983. Every argument that Mr. Wallington is making is an argument that the state court erred in some way. Either the state court didn't consider the merits of his additional advice and guidance as he navigated his way through the state court system. These are issues that he could have, and if he believes are correct, should have appealed to the Colorado Court of Appeals. Instead, he's bringing them to this court and asking this court to decide whether or not the state court committed an error. And he's asking this court to exceed its subject matter jurisdiction and violate the Roker-Feldman Doctrine. We know that Mr. Wallington could have appealed the case because the state court's judgment was a final determination or final judgment on the merits. And that's written right in the rule. Rule 41B says that if the court grants a motion to dismiss, that dismissal is a final judgment on the merits unless the court says otherwise. Well, how do you reconcile Himmon with that point? Because in Himmon, didn't the Colorado Court of Appeals say that it was not a final judgment? Yes, Your Honor. And the Himmon court held that the district court in that case committed an error. And that it wasn't subject to claim preclusion, right? Yes, Himmon probably wasn't subject to claim preclusion. Well, it would have been. Well, no, because the Court of Appeals held that the Colorado Court, the district court, erred. So I don't know that it would have been subject to claim preclusion. Well, he's saying that the district court erred here in a collateral proceeding. And so if in Himmon, the plaintiff could have argued in a collateral proceeding that the trial court had erred in dismissing the claim, why would the outcome be different here than it was in Himmon? The outcome, well, maybe I misunderstood the court's question. So the Himmon courts, it was a final decision on the merits. And that's what brought it to the Colorado Court of Appeals. The Colorado Court would not have had the jurisdiction to have heard the case unless it was a final judgment. So I guess it would be subject, it would be subject to claim preclusion. And I'm sorry, I missed, I've forgotten the last part of your question, sir. I forgot it too. Okay. So do you agree, though, that the district court's order here in this case that was erroneous, the state district court? Because it didn't address the merits under Himmon, it would have been erroneous. No, I think the court considered the merits, and I think that that is laid out in the court's order in the motion to set aside. It said that it considered the arguments, it can receive the motion to dismiss, it considered the arguments in that motion to be meritorious, and it granted the motion. So I do think the state court considered the merits. Its order was short for sure, but it's, it did consider the merits. On the original dismissal order, do you agree that that one didn't address the merits? Your Honor, the state court did say that it considered the motion in that case. And then it did say that the motion was facially valid, but it did say that it considered the motion. I mean, is that enough? I mean, it says the court has also reviewed the grounds presented in the motion, and they present a facially valid claim for the relief requested. Is that sufficient under Colorado law? I think if it isn't sufficient, then it's a determination for the Colorado Court of Appeals. But I think it is sufficient. That order combined with the order on the motion to set aside makes it very clear. It puts the whole issue of whether the court considered the merits or didn't consider the merits to bed. There's, it considered the merits. It says it considered the merits. Mr. Wellington also had a full and fair opportunity to litigate his claim. He had the opportunity to appeal. He had the right to appeal. He also had the right to amend his complaint. Rule 15, Colorado Rule 15 grants him the right to amend his complaint once as a matter of course, before a response of pleading is filed.  The state court waited 40 days before issuing the order or granting the motion to dismiss. Mr. Wellington would have had that 40 day time period to amend his complaint at any time up until the state court entered its order. He also had several opportunities to respond to the, or point out the merits of his state court claim. His first opportunity to point out the merits of a state court claim came with the right to respond to the motion to dismiss. He had that right. And as we said before, the state court waited 40 days. During that 40 day time period, Mr. Wellington didn't just file a response. He didn't just file an amended complaint. He didn't file anything. He was totally silent. His second opportunity came with his motion to set aside. In that motion, he argued that he was entitled to excusable neglect. One of the elements of excusable neglect is a showing that the underlying claim has merits. When city defendants pointed that out in their response, that gave Mr. Wellington his third opportunity to point out the merits of his case. He had the right to file a reply in support of his motion. But just like he didn't file a response, just like he didn't amend, and just like he didn't exercise his right to appeal, neither did he file a reply in that case. He had chance after chance. What's your response to your adversary's argument a few minutes ago that in ruling on the motion to set aside the dismissal, that Judge Prince was considering anew whether or not the plaintiff had shown excusable neglect. So if the original dismissal was not an adjudication on the merits, that all Judge Prince was doing is saying, now in whether or not to set aside the original dismissal, the plaintiff had failed to present a valid claim or a valid claim. So all he was doing was saying there was no showing of excusable neglect. Your Honor, I mean, Judge Prince specifically says, and I have it written down here. But it was, I mean, I know what it said, but it was in the context of adjudicating his theory of excusable neglect, right? But it specifically addressed the motion to dismiss. And he said that he had considered the arguments in the motion and that he found those arguments to be meritorious. So I don't think it was. Are you sure? Yes, sir. Could you tell me where in the ruling it says that? Yes, sir. It's a, if you have the appendix available, I have the notation of page 55. No, I have the order in front of me. Oh, okay. Where in that order does it say that? I think it says it in the second. I don't have the order in front of me. I don't have the order in front of me. The plaintiff had failed to respond to the motion was also granted as unopposed. Is that what you're talking about? No, sir. It's a, oh, the court reviewed the motion. I'm sorry, and found the arguments meritorious and granted the motion. Okay. Yes, sir. Thanks. Yes, sir. So let me, let me interrupt you for just a second. So if we look back at the motion of dismiss and see that it sets out, you know, fleshed out legal arguments, why the case should be dismissed and is it enough for the district court in a short order to say, there's been no response. I've reviewed the motion and find it to be meritorious. Is that enough? Yeah, I think if Mr. Wellington thinks that that's not enough, then that would be a great question for the Colorado court of appeals, right? Well, we don't have that. We don't have that luxury. We have to, we're going to have to make a determination. I think of whether it's enough. Because I think that is the determination that he had the right to appeal and the ruling that the state court committed an error, which is what that would be is that the state court will didn't include enough language in its order to, to establish, you know, to show that exactly why it granted the motion to dismiss. A ruling from this court would be a ruling that the state court committed an error. And that would, that would violate the Rooker-Feldman factor. The doctrine of claim preclusion, this court, when I came in, I saw the lettering just, just above you. It says that reason is the soul of all law. Well, the reason behind the doctrine of claim preclusion is to prevent endless litigation. The state court dismissed this case over two years ago. Another reason is to conserve judicial resources. Well, the state court has heard this case. A Colorado state court has heard this case. A federal district court has heard this case and the 10th Circuit Federal Court of Appeals has heard this case. And another consideration is to encourage reliance on, on judicial decisions. Overturning the state court's case would in fact discourage reliance on judicial decisions. Overturning, granting Mr. Wellington's appeal would be contrary to the soul of the claim preclusion doctrine. If for those reasons, we would ask that this court deny Mr. Wellington's appeal and uphold the district court's case in this case. Thank you. Thank you. Your Honors, I want to acknowledge that on the order of motion to set aside default judgment, the first paragraph does seem to refer back to what the court had done before. But the court is only doing that, reflecting back on what he had done before, which according to his order, of course, says, is recognizing that the motion is facially valid. Facial examination of anything is not a thorough, complete examination. And so you can't have a full and final determination on the merits. That's what we're arguing here. We're not trying to argue that there's error and that you should correct that error. What Henman Management says is not only is there error when the court does not analyze the sufficiency of the claims entered, the court expressly said, rejected the notion that the trial court ruled on the merits and expressly quotes this on the face language that is in that lower court district court opinion as well. The essence of Henman Management is just like this case. If a court says there's facial merit to something and somebody didn't respond, that's not enough. That does not create a full and final adjudication of the merits and it doesn't give a full and fair opportunity to litigate the merits of the claims. We ask this court to overturn the lower court's decision and provide Mr. Watlington the opportunity to finally litigate his excessive force claim. All right. Thank you. I didn't realize this, but you actually had no rebuttal time left. So in equity, I'm going to give the appellee an additional 30 seconds for a surrebuttal if you'd like. Okay, fair enough. Thank you both counsel for your excellent advocacy. This matter will be taken under submission and court is at recess until 8.30 tomorrow morning.